UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DELMAS SEXTON, II,  )<br>  )<br>    Plaintiff  )<br>  )<br>  vs.  )<br>  )<br>J. DAVID DONAHUE, *et al.*,  )<br>  )<br>    Defendants  ) | CAUSE NO. 3:05-CV-420 RM |

## OPINION AND ORDER

Delmas Sexton, a prisoner confined at the Miami Correctional Facility submitted an application to proceed without full prepayment of fees and costs pursuant to 28 U.S.C. § 1915(b). A prisoner may not "bring a civil action or appeal a judgment in a civil action under . . . (§ 1915) . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision.

The records of this court establish that the disposition of three cases filed by Delmas Sexton: 3:02cv639 RM (dismissed September 12, 2002); 3:03cv90 PS (dismissed October 24, 2003), and 1:03cv385 TLS (dismissed April 27, 2004) qualify as "strikes" within the meaning of §1915(g).

An inmate with three or more "strikes" "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" Abdul-Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir. 1996).

Mr. Sexton does not allege that he is in serious danger of imminent physical injury, and his complaint does not deal with conditions of confinement at the Miami Correctional Facility. Accordingly, § 1915(g) mandates that the court deny Mr. Sexton leave to proceed in forma pauperis. Mr. Sexton may still proceed with this action, but to do so he must pay the full amount of the filing fee.

For the foregoing reasons, the court DENIES the plaintiff's motion for leave to proceed *in forma pauperis* (docket # 2); affords the plaintiff to and including August 29, 2005, within which to pay the $250.00 filing fee; and advises him that if he does not pay the filing fee by that date, this complaint may be dismissed without further notice without affecting his obligation to pay the filing fee.

SO ORDERED.

ENTERED:   August 1, 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court