UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DELMAS SEXTON, II, | ) |
| Plaintiff | ) ) ) |
| v. | ) CAUSE NO. 3:05-CV-420 RM ) |
| J. DAVID DONAHUE, *et al.*, | ) ) |
| Defendants | ) |

## OPINION AND ORDER

Delmas Sexton filed his complaint in this action and request for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(b) on July 13, 2005, while he was a prisoner confined at the Miami Correctional Facility. A prisoner, however, may not "bring a civil action or appeal a judgment in a civil action under [§ 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision.

On August 1, 2005, the court denied Mr. Sexton leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(b) because he had accumulated three strikes, and ordered him to pay the filing fee. That order was returned to the court as undeliverable because Mr. Sexton was released from custody on July 21, 2005, and had not provided the court with a new mailing address. The court dismissed this case without prejudice pursuant to Fed. R. Civ. P. 41(b). Mr. Sexton has now

advised the court of his current mailing address. He also asks the court to reopen this case and for relief from the order requiring him to pay the full filing fee. Mr. Sexton argues that because he was released from custody before the court ruled on his motion to proceed *in forma pauperis*, the court should revisit its order denying him leave to proceed *in forma pauperis* and grant him leave to proceed *in forma pauperis* as a nonprisoner.

Mr. Sexton would be treated as a nonprisoner for any complaint he filed after his release on July 21, but the court must determine a plaintiff's prisoner status on the date the suit or appeal is "brought." Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir. 1996). Mr. Sexton was still a prisoner on July 13 when he submitted his complaint and request to proceed *in forma pauperis,* so he must be treated as prisoner to determine his *in forma pauperis* status in this case.

Where a prisoner has been released from custody before the court has made an *in forma pauperis* determination, the prisoner must pay any portion of the filing fee he would have been liable. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). In Robbins, the court required "prepayment of the sum that should have been remitted before release." *Id.* at 898. Because he has three strikes, Mr. Sexton was required to pay the full filing fee to proceed with this case. The court dismissed the complaint in this case without prejudice, so Mr. Sexton may refile his complaint — but if he wishes to reopen this case, he must pay the full filing fee of $250.00.

For the foregoing reasons, the court DENIES the plaintiff's motion for relief from judgment and from the order requiring him to pay the full filing fee in this case (docket #11). If the plaintiff wishes to reopen this case, the court affords him

2

to and including September 12, 2005, within which to submit a motion to reopen this case accompanied by a check for the filing fee.

    SO ORDERED.

    ENTERED: August 29 , 2005


        /s/ Robert L. Miller, Jr.
        Chief Judge
        United States District Court